In the Matter of the Application of LATHROP CAMPBELL GRANT, Petitioner, for a Determination as to the Validity, Construction or Effect of the Disposition of Property Conta ned in the Last Will and Testament of ELIZA A. ROSCOE, Deceased.

Surrogate's Court, Madison County, July 9, 1926.

Wills — construction — testatrix gave all real and personal property to trustee in trust for husband — said trustee authorized " in his discretion, to use any or all of the principal * * * of the said trust estate " for support of husband — trustee had no power under will to sell property — Surrogate's Court Act, §§ 234-236, not applicable — Real Property Law, §§ 105-107, gives trustee right to apply to Supreme Court for authorization to sell property.

A will, by which the testatrix gave all her real and personal property to a designated trustee to " hold, manage, invest, and reinvest the same, and to pay the net income therefrom, as received " to her husband, and then authorized said trustee " in his discretion, to use any or all of the principal, or corpus, of the said trust estate, for the support, advantage or benefit " of said husband, does not confer a power of sale upon said trustee, and consequently he cannot give a marketable title to certain premises which testatrix owned at her death.

Nor does the case fall within any of the provisions of sections 234-236 of the Surrogate's Court Act, providing that the surrogate may order a sale independent of any power of sale in the will. The mere fact that the trustee has made a contract for the sale of the real estate does not warrant an order permitting said sale, since, if said trustee had no power to sell, he had no right to contract.

However, the trustee is not without a legal remedy, for, under sections 105-107 of the Real Property Law, he can apply to the Supreme Court for authority to sell the property on the ground that such sale is necessary.

PROCEEDING for construction of will.

*William L. Burke,* for the petitioner.

*Adon P. Brown,* special guardian, for five minors.

SENN, S.    This is a proceeding for the interpretation of the will of Eliza A. Roscoe, the above-named testatrix.

The clause in question is as follows:

" *First.* I give, devise and bequeath to a trustee named, appointed and determined hereinafter, during the lifetime of my husband, Frank Irving Roscoe, all of my estate, both real and personal, wherever situate, which I may own or be entitled to dispose of at the time of my death, in trust, nevertheless, to hold, manage, invest, and reinvest the same, and to pay the net income therefrom, as received, to my said husband, Frank Irving Roscoe, and I also authorize and empower the said trustee, in his discretion, to use any or all of the principal, or corpus, of the said trust estate,

Surrogate's Court, Madison County, July, 1926.          [Vol. 127

for the support, advantage or benefit of my said husband, but the said trustee shall alone decide whether or not it shall be necessary or advisable that the said principal or corpus shall be so used, and the said trustee's decision in this shall be final."

The 2d paragraph of the will gave, devised and bequeathed to testatrix's three sisters all the rest, residue and remainder of the estate which may be left after the decease of her said husband, and also contains provisions as to how the property is to descend and be distributed in case any or all of said sisters do not survive said husband.

At the time of her decease the testatrix was the owner of a house and lot occupied by her and her husband as a dwelling house. This is still occupied by the husband, and he has expended considerable sums in improvements and keeping the same in proper repair. Testatrix was also the owner of a small house and lot, located on Spring street in the village of Hamilton, which she had purchased as a home for one of her sisters, to be occupied by the latter until such time as her children should leave home. The executor-trustee has contracted to sell this property for $2,000, but the purchaser has raised a question as to the power of the executor-trustee, under the will, to give a deed conveying marketable title. It is altogether desirable that this property should be sold pursuant to the contract, and it would be detrimental to the estate to be compelled to hold the same.

Adon P. Brown was appointed special guardian for some of the minors. He has filed a report in which he contends as matter of law that there is no power of sale under the will. I have examined many authorities and given the question much consideration, and have very reluctantly reached the same conclusion.

It is true that it is not necessary that the power of sale in the will should be express, but may be implied when it is evident from an examination of the entire will that otherwise the testamentary scheme would be defeated; but in order to read into a will a power of sale which is not conferred in words, the implication must be so strong as to warrant no other inference. (*Hobson* v. *Hale*, 95 N. Y. 588, 598.) In that case it was held that no power of sale will be implied from the following direction: " As to the residue and remainder of all my estate, both real and personal, not herein otherwise disposed of, it is my will that the same be and remain in the care and control of my said executrix and executors and trustees and their successors, well and safely invested, until the decease of the last survivor of the life annuitants named in my foregoing will, and that then the said residue and remainder, with all the accumulated interest thereof, shall be divided equally among my grandchildren

*per stirpes."* In the course of the opinion the court said that " the power in the will to manage, control and re-invest does not confer upon the executors a power of sale." (Id. 606.)

There are cases somewhat analogous to this in which it was held that a power of sale was conferred, but in every such instance there was some circumstance or direction not found in the will under consideration. Such a case was *Asch* v. *Asch* (18 Abb. N. C. ·82), where testator gave all his estate, real and personal, to his executors in trust, to set aside a certain sum, the income to be paid to his mother during life and to invest the rest, residue and remainder of his estate in United States bonds or in bonds of the city or State of New York or in bonds secured by first mortgage on real estate, and to pay the interest and income to his wife during her life, and after her death to pay the whole of his estate to his children him surviving, share and share alike. This was held, distinguishing *Hobson* v. *Hale* (*supra*), to be a direction to sell. It should be noted that there was a direction to invest the whole residue in designated securities, the court saying: " How otherwise are these specifically defined securities to be obtained, save by such conversion? "

In *Salisbury* v. *Slade* (160 N. Y. 278) the court reiterated the general rule that the power of sale need not be express, but may be implied when it is evident from an examination of the entire will that otherwise the testamentary scheme would be defeated. In that case the testator devised to the widow the use and occupation of the house in which he had resided, for and during her natural life, and afterwards this real estate to be divided " among my children, as hereinafter provided." Then the will provided that this real estate should not be sold or divided up during the life of the widow. This was held to carry a power of sale by implication. This naturally followed from the clause which inhibited the sale during the lifetime of the widow, leaving no other inference than that he must have intended a sale after her decease.

I have not been able to find any case where a power to hold, manage, invest and reinvest, or words of similar import, was held, of itself, to confer a power of sale.

There would be an implied power of sale under the will in question, if it was necessary for the trustee to resort to the corpus of the estate for the benefit of the husband and all the personal estate had been exhausted, but no such condition is claimed to exist.

Neither does the case fall within any of the provisions of sections 234–236 of the Surrogate's Court Act, where the surrogate may order a sale, independent of any power of sale in the will.

Neither is the case made any stronger by the fact that the executor-trustee has made a contract for the sale of the real estate

in question, because if he had no power to sell, he had no right to contract.

Fortunately, the executor-trustee is not without a legal remedy, as under sections 105–107 of the Real Property Law (as amd.) he can apply to the Supreme Court for authority to sell, on the grounds which render such a sale necessary, and that court has ample power to grant the relief sought.

The petition herein, in so far as it asks that it be decreed that the executor-trustee has power under the will to make the conveyance in question, is dismissed, but without prejudice to his right to apply to the Supreme Court for the relief desired.